DECISION.
A jury convicted Gerald L. Clemons of three counts of aggravated murder for his brutal slaying of three co-workers at Trans-Continental Systems, Inc., in Evendale on December 15, 1995. The jury recommended a sentence of death as to all three victims. On July 29, 1998, the trial court's imposition of the death sentence was affirmed by the Supreme Court of Ohio in State v.Clemons (1998), 82 Ohio St.3d 438, 696 N.E.2d 1009. Clemons's petition for postconviction relief pursuant to R.C. 2953.21
was denied by the trial court on April 28, 1998.
Clemons's sole assignment of error in his appeal of the denial of his postconviction petition claims advances three issues for this court to review. Clemons claims that the trial court erred by granting summary judgment to the state, by dismissing his petition on the basis of res judicata, and by concluding that Clemons failed to demonstrate prejudice. We find no merit in Clemons's assignment of error, and, therefore, we affirm the judgment of the court below.
In his appellate brief, Clemons's method of presenting the issues for review is somewhat confusing. For the purposes of our review, we will address the issue regarding summary judgment first, then address each claim for relief presented in the postconviction petition in order to determine whether the trial court erred in dismissing Clemons's petition.
 I. SUMMARY JUDGMENT
The trial court held that an evidentiary hearing was not necessary to determine the issues raised in Clemons's petition and, concurrent with its entry dismissing the petition, filed its findings of fact and conclusions of law. Clemons claims that upon the state's filing of a motion to dismiss his petition, the trial court was required to proceed to a summary judgment analysis pursuant to Civ.R. 56. We disagree.
This court has routinely held that a trial court does not err in disposing of a postconviction petition without adhering to the requirements of Civ.R. 56:
 Although a postconviction proceeding is civil in nature, this court has held that the specific requirements of R.C. 2953.21 take precedence when they conflict with the civil rules. See State v. Franklin (Jan. 25, 1995), Hamilton App. No. C-930760, unreported. R.C. 2953.21 allows the trial court to dismiss the petition summarily, with or without further submissions from either party, when a postconviction petition and the files and record of the case show that the petitioner is not entitled to relief. State v. Garner (Dec. 19, 1997), Hamilton App. No. C-960995, unreported; State v. Gibson (Sept. 26, 1997), Hamilton App. Nos. C-960867 and C-960881, unreported; State v. Williams (Aug. 1, 1997), Hamilton App. No. C-960822, unreported.
 State v. Moore (Sept. 18, 1998), Hamilton App. No. C-970353, unreported. While we recognize Clemons's assertion that State v. Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540, requires that the trial court follow Civ.R. 56, that assertion is no longer valid. In Milanovich, the Supreme Court of Ohio explained that the postconviction statute, R.C. 2953.21, expressly referred to the civil rules:
 `* * * Within twenty days from the date the issues are made up either party may move for summary judgment as provided in Section 2311.041 of the Revised Code.' R.C. 2311.041 has been replaced by the substantially similar provisions of Civ.R. 56, which sets out procedures on a motion for summary judgment in this as in other civil cases involving summary judgments. [emphasis added]
Milanovich, supra. Effective March 17, 1987, H.B. 412 amended R.C. 2953.21(D) to exclude from the statute any reference to R.C.2311.041, the precursor to Civ.R. 56. It appears that the General Assembly intended for trial courts to follow the statutory guidelines and not the civil rules when reviewing postconviction petitions. Therefore, the trial court need only follow the procedures set forth in the statute, which allow for the dismissal of the postconviction proceeding without a hearing. State v.Franklin (Jan. 25, 1995), Hamilton App. No. C-930760, unreported. Thus, the trial court did not err in disposing of Clemons's petition without following the requirements of Civ.R. 56. Accordingly, we find Clemons's argument on this issue to be without merit.
 II. CLAIMS FOR RELIEF
Clemons presented eleven claims for relief in his petition for postconviction relief. The trial court made findings of fact and conclusions of law regarding each claim. We address each claim in the order presented in the petition.
Clemons's first claim for relief is that the three-page limit for postconviction petitions, as set forth in Crim.R. 35, is unconstitutional. The Supreme Court of Ohio has found that page limitations on capital pleadings are proper. State v. Bonnell
(1991), 61 Ohio St.3d 179, 573 N.E.2d 1082; State v. Davis (1991),62 Ohio St.3d 326, 581 N.E.2d 1362. Therefore, we find that Clemons's first claim lacks merit.
Clemons's second claim for relief asserts ineffective assistance of counsel where counsel called Clemons as the only defense witness. Clemons claims that counsel should never have allowed him to testify because the state was able to attack his credibility with prior inconsistencies from a statement Clemons made to police. To support his claim for relief, Clemons attached to the petition his own affidavit claiming counsel inadequately prepared him to testify. Clemons now claims that, because he submitted evidence outside the record, the trial court erred in finding the claim was barred by res judicata. We disagree.
The doctrine of res judicata applies to exempt a court from conducting a hearing on a postconviction petition where the claims raised in the petition were raised, or could have been raised, at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. A petitioner may defeat the application of the doctrine by submitting evidence outside the record in support of his claim. State v. Carter (Nov. 14, 1997), Hamilton App. No. C960718, unreported.
However, the mere submission of outside evidence will not, in and of itself, preclude the application of the doctrine of resjudicata. Carter, supra. A petition must present competent, relevant, and material evidence outside the record, which was not in existence or available for use at the time of the trial. Statev. Gipson (Sept. 26, 1997), Hamilton App. Nos. C-960867, C-960881, unreported, citing State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128. The outside evidence must meet some threshold standard of cogency. Otherwise a petitioner could defeat the holding of Perry by simply attaching exhibits of marginal significance, which do little to establish a petitioner's claim "beyond mere hypothesis and a desire for further discovery."State v. Hawkins (June 26, 1996), Hamilton App. No. C-950130, unreported; State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-910083, unreported. Because the submission of a self-serving affidavit cannot be given weight, State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823, we agree with the trial court that Clemons's second claim for relief is barred by the doctrine of resjudicata. State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
Clemons's third, fourth, and fifth claims for relief assert that trial counsel were ineffective for failing to reasonably investigate a "Prozac defense" or obtain an expert to present testimony on Prozac in each phase of the trial. In order to obtain a postconviction hearing on a claim of ineffective assistance of counsel, a petitioner must proffer evidence that contains sufficient operative facts to demonstrate a lack of effective assistance of counsel and resulting prejudice to the petitioner. Cole, supra; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819. Not only must a petitioner show that trial counsel's performance fell below a standard of reasonable representation, but he must also show that he was prejudiced by trial counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
On direct appeal of this case, the Supreme Court of Ohio commented upon the "Prozac defense" issue in its rejection of Clemons's claim that the trial court erred in allowing the state to present expert rebuttal testimony on the effects of Prozac. The Supreme Court of Ohio noted that "[trial] counsel indicated that they were still actively pursuing a `Prozac defense.' Due to the unfavorable findings [the psychologist] made in her report, defense counsel chose not to submit her report to the jury."Clemons, 82 Ohio St.3d at 450, 696 N.E.2d at 1020. Differing trial counsel strategies are not grounds for claims of ineffective assistance of counsel. State v. Williams (1991), 74 Ohio App.3d 686,600 N.E.2d 298; State v. Esparza (1988), 39 Ohio St.3d 8,529 N.E.2d 192; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. In this case, where the psychologist concluded that Prozac was not a factor in this case, counsel reasonably deferred to the psychologist's professional judgment. State v.McGuire (1997), 80 Ohio St.3d 390, 686 N.E.2d 1112.
Clemons goes so far as to claim that trial counsel should have pursued a defense of "involuntary intoxication" in relation to Clemons's ingestion of Prozac. Even though Clemons abandoned his defense of not guilty by reason of insanity, Clemons now claims that he was incapable of forming the requisite mens rea due to his "involuntary intoxication." However, because Ohio does not recognize a defense of diminished capacity, a defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that he lacked the mental capacity to form the specific mental state required for the crime. State v. Wilcox
(1982), 70 Ohio St.2d 182; 436 N.E.2d 523. Moreover, the Supreme Court on the direct appeal of this case, found overwhelming evidence of Clemons's "murderous intent with prior calculation and design":
 Defendant's claims of a Prozac-induced blackout or "fog" that prevented him from recalling the murders is simply not believable in light of all the evidence. Defendant claimed to have blacked out when Kreamelmeyer allegedly charged him and claims not to have come out of his blackout until he was outside the building with the gun in his hand. However, his cognitive ability to separate those who he believed had wronged him from those he believed had not defies his claim.
 Clemons, supra. Thus, the ineffective assistance of counsel claims three through five were properly rejected by the trial court.
We also note that Clemons's fifth claim for relief asserts that the trial court erred in allowing the testimony of the state's expert regarding Prozac. This portion of the claim is based entirely on material in the record, and is, therefore, barred by the doctrine of res judicata. Perry, supra.
Clemons's sixth claim for relief asserts that trial counsel were ineffective in failing to obtain an independent psychological expert. In support of this claim, Clemons attached to his petition the report of a newly-found psychiatrist, who asserts that Clemons's taking of Prozac may have contributed to his crime. We note first that the Supreme Court of Ohio found that the psychologist appointed by the trial court in this case was qualified to testify as to issues involving Prozac. Clemons,supra. Because this claim was addressed on direct appeal, it is barred by res judicata. Perry, supra. Furthermore, this court has held that postconviction proceedings are not to be turned into a never-ending battle of experts. State v. Steffen (Aug. 7, 1991) Hamilton App. No. C-900596, unreported. Therefore, we reject Clemons's sixth claim for relief.
Clemons's seventh claim for relief alleges that trial counsel were ineffective during the mitigation phase because counsel failed to conduct a reasonable investigation and failed to introduce Clemons's military records. We disagree because the possibility of presenting alternative forms of mitigation does not lead to the conclusion that Clemons's trial counsel were ineffective. State v. Post (1987), 32 Ohio St.3d 380,513 N.E.2d 754.
Clemons claims that trial counsel's mitigation investigation should have included the presentation of evidence of Clemons's mental disorders, substance abuse history, expert testimony on the effects of Prozac, interviews with friends and family, and military records.[1] This claim has no merit. Furthermore, the defense provided the foregoing life-history information through the testimony of Clemons and his mother. Thus, counsel's performance was not deficient. State v. Post (1987), 32 Ohio St.3d 380,513 N.E.2d 754; State v. Williams (1991), 74 Ohio App.3d 686,600 N.E.2d 298. Nor was Clemons prejudiced by the omission of his military record because Clemons testified in detail regarding his military service. Our review of Clemons's military record reveals that introduction of the record would do nothing to bolster Clemons's testimony regarding his service.
Clemons's eighth claim for relief asserts trial counsel were ineffective in failing to investigate the type of medication Clemons was on at trial because it may have caused him to appear emotionally unresponsive. This claim is purely speculative and ignores the overwhelming evidence presented by the state as to each element of the crimes charged. Thus, where Clemons cannot demonstrate actual prejudice from this alleged failure on the part of trial counsel, this claim must fail. Strickland, supra.
Clemons's ninth claim for relief alleges that the trial court erred in permitting the state to present rebuttal testimony through an expert and in making prejudicial comments about Clemons before sentencing him to death. These allegations are based entirely on material in the record, and are therefore barred by the doctrine of res judicata. Perry, supra.
Clemons's tenth claim for relief alleges that death by electrocution is unconstitutional. This claim should have been raised on direct appeal. Therefore, it is barred by res judicata.Perry, supra.
Clemons's eleventh claim for relief is a catch-all ineffective assistance of counsel claim, which reiterates his second through eighth claims for relief. Clemons fails to argue any law to support his position on the trial court's denial of his postconviction petition based upon this claim for relief. Since Clemons fails to demonstrate ineffective assistance of counsel, this claim was correctly disregarded by the trial court. State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339; Strickland,supra.
For the reasons above, we find no merit to Clemons's assignment of error. The judgment of the court below is affirmed.
Judgment affirmed.
 Hildebrandt, P.J., and Shannon, J., concurring.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Clemons also states that counsel should have presented records from the Department of Rehabilitation and Corrections. As we stated in State v. Fautenberry (Dec. 31, 1998), Hamilton App. No. C-971017, unreported, "Obviously it is an absurd argument to make that attorneys are incompetent for failing to produce evidence of post-trial behavior, before such evidence even exists."