THE STATE OF OHIO, APPELLEE, *v.* BONNELL, APPELLANT.

[Cite as *State v. Bonnell* (1991), 61 Ohio St.3d 179.]

(No. 89–2136—Submitted May 21, 1991—Decided July 24, 1991.)

*Stephanie Tubbs Jones,* prosecuting attorney, and *Richard Bombik,* for appellee.

*Randall M. Dana,* Ohio Public Defender, *Kathleen A. McGarry* and *Dale A. Baich,* for appellant.

DOUGLAS, J. Appellant presents a number of issues for our consideration. (See Appendix, *infra.*) We have considered appellant's propositions of law and have reviewed the death sentence for appropriateness and proportionality. Upon review, and for the reasons which follow, we uphold appellant's convictions and affirm the sentence of death.

## I

R.C. 2929.05 requires this court to review capital cases in a certain manner but does not require this court to address and discuss, in opinion form, each and every proposition of law raised by the parties. See *State v. Poindexter* (1988), 36 Ohio St.3d 1, 3, 520 N.E.2d 568, 570.

In the case at bar, appellant's arguments present a number of issues which have previously been addressed by this court, and which have been resolved in a manner unfavorable to appellant. We adhere to our positions on these issues. Furthermore, many of appellant's arguments have been waived. Upon reviewing each of appellant's propositions of law, we fail to find any errors that compromise the integrity and reliability of the trial court's findings. We discuss, in detail, those issues which have received, in the past, only limited or no consideration by this court.

## II

On January 8, 1988, appellant was arraigned on the aggravated murder charges. Appellant's appointed attorney was not present at the arraignment. Appellant entered a plea of not guilty and bond was set at $200,000.

In his twentieth proposition of law, appellant claims that it was *"per se"* constitutional error to arraign him on capital charges in the absence of his appointed counsel. Appellant relies primarily on *Hamilton v. Alabama* (1961), 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. We find that appellant's reliance on *Hamilton* is misplaced.

*Hamilton* stands for the proposition that prejudice can be presumed from the absence of counsel at an arraignment on capital charges. However, the decision in *Hamilton* was based upon the crucial nature of arraignment under Alabama law. In *Dean v. Maxwell* (1963), 174 Ohio St. 193, 22 O.O.2d 144, 187 N.E.2d 884, this court explained the difference between Alabama law and Ohio law and rejected a contention similar to the one set forth by appellant herein. Based upon our holding in *Dean,* appellant must demonstrate that he was prejudiced by the absence of counsel at the arraignment.

In an attempt to show prejudice, appellant claims that the requirements of former Crim.R. 10(A) and (C) [1] were not properly followed at his arraignment. Upon review of the record, we find that appellant suffered no prejudice in this regard. At his arraignment, appellant pled not guilty, made no incriminating statements, and lost no crucial rights. Accordingly, we reject appellant's twentieth proposition of law.

### III

In his second proposition of law, appellant contends that there is insufficient evidence to sustain his convictions. Similarly, in his tenth and eleventh propositions of law, appellant claims that his convictions were contrary to the manifest weight of the evidence. Appellant's contentions are not well-taken.

In the case at bar, Hatch saw appellant shoot Bunner. Following the shooting, Birmingham observed appellant striking Bunner with his fists as Bunner lay dying from bullet wounds. Appellant was forcibly removed from the apartment. Next, a man was seen driving in the vicinity of the murder

---

1. Crim.R. 10 provided, at the time relevant herein, in part:

"(A) Arraignment procedure. Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

"* * *

"(C) Explanation of rights. When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands:

"(1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

"(2) He has a right to counsel, and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.

"(3) He has a right to bail, if the offense is bailable.

"(4) He need make no statement at any point in the proceeding, but any statement made can and may be used against him."

scene in a highly suspicious manner. The driver attempted to elude the police but his attempt was unsuccessful. Police officers identified appellant as the driver of the vehicle. The evidence shows that appellant was the only occupant in the vehicle. Police found the murder weapon along the chase route. The weapon was later identified as belonging to appellant. At trial, the two eyewitnesses to the murder identified appellant as the murderer. Evidence exists which, if believed, indicates that appellant was not invited into the apartment. Moreover, the jury could reasonably have found that once appellant began his violent assault on Bunner, any privilege or consent that appellant may have had to enter the apartment was withdrawn. See *State v. Steffen* (1987), 31 Ohio St.3d 111, 31 OBR 273, 509 N.E.2d 383.

We find the evidence of appellant's guilt to be overwhelming. We reject appellant's second, tenth and eleventh propositions of law.

## IV

The trial court sentenced appellant on both counts of aggravated murder. The court of appeals determined that the trial court erred in this regard and, thus, declared the two offenses merged.

In his sixth proposition of law, appellant maintains that he was prejudiced by the trial court's error in sentencing him for both offenses. We disagree. Sentencing appellant for both offenses was merely a procedural error which did not affect appellant's substantial rights. See *State v. Brown* (1988), 38 Ohio St.3d 305, 317–318, 528 N.E.2d 523, 538–539. In our judgment, the error was sufficiently corrected by the court of appeals. Accordingly, appellant's sixth proposition of law is not well-taken.

## V

In his fifteenth proposition of law, appellant contends that his conviction and sentence for aggravated murder must be reversed due to alleged errors by the trial court in instructing the jury during the guilt and penalty stages of appellant's trial. However, appellant failed to timely object to the instructions and/or failed to raise the alleged error in the court of appeals with the exception of the so-called *"Allen"* charge given by the trial court during the jury's deliberations in the penalty phase.[2] Thus, our discretionary review of

---

2. In appellant's brief, under subsection (B)(6) of proposition of law fifteen, appellant does claim error regarding the giving of the *"Allen"* charge. The issue raised in this subsection is also the subject of appellant's fourth proposition of law and such issue has been previously addressed by this court on a number of occasions. In accordance with our previous decisions on the question, we reject appellant's claimed error.

these issues must proceed, if at all, under the plain error analysis of Crim.R. 52(B). See *State v. Moreland* (1990), 50 Ohio St.3d 58, 62–63, 552 N.E.2d 894, 899–900. Therefore, we will not reverse appellant's conviction unless we determine that the outcome of the trial would clearly have been otherwise had the error not occurred. *Id.*

Appellant contends that the trial court erred by failing to instruct the jury that appellant must be found to be the principal offender of the aggravated murder offense in order for appellant to be found guilty of the R.C. 2929.-04(A)(7) death penalty specification. Additionally, appellant argues that because the verdict forms do not indicate that the jury found appellant to be the principal offender, the state failed to prove an essential element of its case.

We find no reversible error. The evidence in this case does not reasonably suggest that Bunner's murder was committed by more than one offender. Thus, appellant was either the principal offender, or he committed no offense at all. We conclude that, under these circumstances, any error in failing to instruct the jury on the principal offender issue was not outcome determinative.

Appellant also contends that the trial court committed prejudicial error during the penalty phase by failing to instruct the jury on residual or "lingering" doubt. The issue of residual doubt was addressed in the majority opinion, and the concurring and dissenting opinion, in *State v. Watson* (1991), 61 Ohio St.3d 1, 17–18, 18–21, 572 N.E.2d 97, 111, 111–113. In the case at bar, no further comment on this issue is warranted as there is no residual doubt of appellant's guilt.

As to the remaining issues presented in appellant's fifteenth proposition of law, we find no errors arising to the level of "plain error." Accordingly, appellant's fifteenth proposition of law is not persuasive.

## VI

Appellant's third proposition of law concerns a note received by the trial judge during the jury's penalty phase deliberations. The note was signed by juror Martha Marsh and indicated that Marsh wanted to go home. Approximately fifty minutes after the note was received by the trial judge, and before the trial judge could respond to Marsh's request, the jury reached a decision recommending that appellant be sentenced to death.

Appellant claims that the trial court erred in failing to declare a mistrial upon receiving the note from Marsh. Appellant contends that the alleged error was prejudicial since, according to appellant, Marsh violated her oath as

a juror in order to quickly end the deliberations and, thus, her service as a juror.

The record before us does not support appellant's claim that Marsh or any other juror acted improperly during deliberations. The jury was instructed regarding its duties and responsibilities in the penalty phase and we must assume that the jury performed its obligations as instructed. Every member of the jury was polled and each member stated that the recommendation of death was his or her individual recommendation. We are satisfied that appellant was not prejudiced by the claimed error and, therefore, we reject appellant's third proposition of law.

## VII

In his fourteenth proposition of law, appellant argues that he was deprived of the effective assistance of counsel throughout his trial. We find that appellant has failed to meet his burden of establishing ineffective assistance under the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, we reject appellant's fourteenth proposition of law.

## VIII

In his fifth proposition of law, appellant contends that the trial court's sentencing opinion does not comply with R.C. 2929.03(F) in several respects. Specifically, appellant suggests that the trial court committed prejudicial error by failing to specify an aggravating circumstance, by failing to explain why the aggravating circumstance outweighed any mitigation, and by failing to consider residual doubt.

In its sentencing opinion, the trial court recited the relevant facts of the case and, in doing so, impliedly made a finding that the only aggravating circumstance at issue was proven. Further, we believe that the conclusion reached by the trial court in weighing the aggravating circumstance against any mitigation was virtually inescapable. Additionally, given our finding on the issue of residual doubt, the trial court did not err in failing to consider the issue. Accordingly, we conclude that the trial court's sentencing opinion was sufficient and that appellant's fifth proposition of law lacks merit.

## IX

In the court of appeals, a page limitation was imposed on the length of appellant's merit brief. Appellant was permitted to submit a brief not exceeding eighty-five pages of argument. In his twenty-second proposition of

law, appellant claims that the court of appeals erred in imposing this limitation on the length of his brief. We disagree.

While we recognize that all alleged errors must be raised in the court of appeals to preserve the alleged errors for review, we find that a brief of eighty-five pages is more than adequate to deal with the issues in the case at bar. Before this court, appellant was permitted to submit a brief of unlimited length. Appellant's brief is comprised of one hundred ninety-six pages of argument. At oral argument, appellant focused primarily on two issues raised in his brief. One of these two issues is discussed in appellant's brief on page 101 under subsection (A)(3) of proposition of law fifteen. The page limitation imposed by the court of appeals may have been helpful in forcing appellant to focus on key issues. Succinctness of argument is a beneficial trait in the art of appellate advocacy. We find that appellant was not prejudiced by the page limitation in the court of appeals as the limitation was reasonable and afforded appellant ample opportunity to concisely present all his arguments before the appellate court.

## X

In his seventh proposition of law, appellant claims that the court of appeals erred in referring to matters outside the record while reviewing the propriety of appellant's death sentence. However, given the fact that appellant never presented any credible mitigation on his behalf, the aggravating circumstance in the case at bar clearly outweighs evidence presented in mitigation. Any error by the court of appeals did not prejudice appellant. Appellant's seventh proposition of law is not well-taken.

## XI

With respect to appellant's remaining propositions of law, after careful review of the record and case law, we fail to detect any errors that would undermine our confidence in the outcome of appellant's trial. Indeed, many of the arguments presented by appellant have been addressed and rejected by this court under similar circumstances and our positions on these issues have not changed.

## XII

Having considered appellant's propositions of law, we must independently review the death sentence for appropriateness and proportionality. Again, we find that the aggravating specification of which appellant was found guilty is clearly shown by the record before us. Appellant presents no credible

mitigating evidence. The trial court considered, as mitigation, that the death penalty in Ohio is not currently being administered. The court of appeals apparently found no mitigating evidence and, upon a review of the record, neither do we. Therefore, we conclude that the aggravating circumstance outweighs evidence presented in mitigation beyond a reasonable doubt.

Finally, we have undertaken a comparison of the sentence in this case to those in which we have previously imposed the death penalty. We find appellant's death sentence is neither excessive nor disproportionate. See, *e.g., State v. Holloway* (1988), 38 Ohio St.3d 239, 527 N.E.2d 831, and *State v. Poindexter, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.

H. BROWN, J., concurs in part and dissents in part.

HERBERT R. BROWN, J., concurring in part and dissenting in part. I concur in the majority's affirmance of Bonnell's conviction. However, numerous errors with respect to the penalty phase, when taken together, lead me to believe that the death penalty should not be affirmed in this case. Accordingly, I respectfully dissent for the following reasons.

(1) Bonnell was improperly sentenced to death twice for a single homicide in violation of R.C. 2941.25(A). As the statute provides, Bonnell was indicted and tried on two counts of aggravated murder: felony murder and premeditated murder. However, the counts were never merged and the trial court improperly sentenced him to death on both aggravated murder charges when there was in fact only a single murder. R.C. 2941.25(A); *State v. Brown* (1988), 38 Ohio St.3d 305, 317, 528 N.E.2d 523, 538; *State v. Huertas* (1990), 51 Ohio St.3d 22, 28–29, 553 N.E.2d 1058, 1066.

What disturbs me in this case is the possible effect this violation may have had upon the jury's determination of the appropriate sentence pursuant to R.C. 2929.03(D)(2): "whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case." Because Bonnell was convicted on two counts of aggravated murder, the jury was confronted with two aggravating circumstances where there should have been one. Particularly where Bonnell presented residual doubt as the only mitigating factor, we cannot say that the jury would not have considered, and been swayed by, the extra and improper

aggravating circumstance when balancing against the single mitigating factor.

(2) The trial court failed to instruct the jury on an essential element the prosecution was required to prove beyond a reasonable doubt in order for Bonnell to be eligible for the death penalty: that Bonnell was the principal offender, or if not the principal offender that he acted with prior calculation and design. R.C. 2929.04(A)(7) requires the jury to make a finding of a capital specification in order for the defendant, convicted of aggravated murder, to be death-eligible. The statute's purpose is to narrow the class of persons eligible for the death penalty by imposing it only when the defendant was the principal offender or when the murder was premeditated. *State v. Henderson* (1988), 39 Ohio St.3d 24, 28, 528 N.E.2d 1237, 1242. In this case, Bonnell was not death-eligible because the jury was never instructed, and therefore never made a finding on the elements of the specification.

(3) During jury deliberation at the penalty phase, the jury sent a note to the trial court asking, "Can doubt and 'not fully disclosed' evidence (suggested but not proven) be included under mitigating factors?" Despite the fact that the trial court had not given any instruction on residual doubt, the court responded to the jury's question by stating that "[y]ou have heard all of the law and you have to apply the law to the facts as you, the jury, finds them." In this case, lingering or residual doubt was the only mitigating evidence that Bonnell presented during the sentencing phase of his trial. The jury's note indicates that it was concerned about whether or not it could consider the issue of residual doubt. Residual doubt of a capital defendant's guilt may be properly considered in mitigation, *State v. Watson* (1991), 61 Ohio St.3d 1, 17, 572 N.E.2d 97, 111; *State v. Gillard* (1988), 40 Ohio St.3d 226, 234, 533 N.E.2d 272, 281, and the jury was entitled to consider it in this case.

Furthermore, although the defendant has a right to be present when the trial court communicates with a jury regarding the instructions, *State v. Abrams* (1974), 39 Ohio St.2d 53, 68 O.O.2d 30, 313 N.E.2d 823, nothing in the record indicates that the court informed Bonnell or his counsel of the jury's question. The defense, therefore, had no opportunity to suggest an answer or to object to the answer ultimately given by the trial court.

(4) After a full day and a half of deliberations, there was another communication from the jury to the court. In this note the jury asked: "We are at an impasse. Are you able to give us direction?" Over defense objections, the trial court supplementally instructed the jury as follows:

"You are the only jury that can decide the issues in this case. This Court cannot give any further guidance except that you shall continue your deliberations with the object of reaching an agreement.

"It is your duty to make every reasonable effort to decide the case if you can conscientiously do so."

Defense counsel asked the court to strike its statement that "[y]ou are the only jury that can decide the issues in this case." The court responded that a hung jury "is not a possibility in this case" because the penalty phase "cannot be retried by anyone else." However, there is no law in Ohio that requires a jury to reach a decision in any case, including the penalty phase of a capital case. Where the jury cannot in good conscience reach a decision, it is entitled to declare itself deadlocked.

(5) Finally, the court received another note from a single juror on the following day. The note asked that the juror be allowed to go home to her children as she saw no way for the jury to agree on a verdict. Forty-five to fifty minutes after the court received the note but before it had a chance to respond, the jury announced that it had reached a verdict. Defense counsel requested that the trial court take the case from the jury and impose a life sentence, but the court refused and brought in the jury, which sentenced Bonnell to death on both counts of aggravated murder. I do not find error in the above circumstances. However, the short time period between the juror's note and the jury's verdict is disturbing because it raises the possibility (particularly when coupled with the "impasse" question) that a holdout juror may have been pressured into going along with the majority.

Each of the above irregularities, viewed individually, may appear harmless. When taken together, however, their cumulative effect leads me to conclude that the jury's recommendation of the death penalty is not appropriate in this case. In reaching this conclusion I am also persuaded by the fact that the jury deliberated for about two days before reaching the verdict to recommend capital punishment and the fact that the sentencing jury at one point declared itself to be deadlocked. Accordingly, I would affirm Bonnell's conviction, but remand to the trial court for imposition of a life sentence pursuant to *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744.

Appendix

"*Proposition of Law No. I*[:] R.C. 2929.04(A)(7) is unconstitutional on its face and as applied to appellant Bonnell.

"*Proposition of Law No. II*[:] The Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution require the state to present sufficient evidence to sustain a conviction. If sufficient evidence is not presented, the accused is to be acquitted of the charge.

"*Proposition of Law No. III*[:] A mistrial should be granted when a juror in a capital case can no longer follow her oath and continue deliberations.

*"Proposition of Law No. IV*[:] A supplemental charge given during the penalty phase of a capital trial that fails to inform jurors that it is okay to disagree and coerces a death verdict is unconstitutional.

*"Proposition of Law No. V*[:] In a capital case, a trial court must comply with the dictates of R.C. 2929.03 in filing its opinion imposing the death sentence.

*"Proposition of Law No. VI*[:] It is error to sentence a capital defendant to death twice for a single homicide. Further, the correct procedure would be an election of one of the counts to proceed on, not merger of the counts.

*"Proposition of Law No. VII*[:] In conducting the independent weighing of an aggravating circumstance against mitigating factors, an appellate court may not go outside the trial court record to support its findings.

*"Proposition of Law No. VIII*[:] The death sentence imposed in appellant Bonnell's case was inappropriate and disproportionate.

*"Proposition of Law No. IX*[:] A defendant in a criminal case has a right to be present when, pursuant to a request from the jury during its deliberations, the judge communicates with the jury regarding his instructions.

*"Proposition of Law No. X*[:] A guilt verdict contrary to the weight of the evidence requires an aggravated murder conviction to be overturned by the reviewing court. Failure to do so violates rights secured by the Fourteenth Amendment to the United States Constitution and Section 15, Article I of the Ohio Constitution.

*"Proposition of Law No. XI*[:] A guilt verdict contrary to the weight of the evidence requires an aggravated burglary conviction to be overturned by the reviewing court.

*"Proposition of Law No. XII*[:] The suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

*"Proposition of Law No. XIII*[:] Misconduct by a prosecutor throughout a capital case denies a capital appellant of his due process right of a fair trial.

*"Proposition of Law No. XIV*[:] Counsel's performance will be deemed ineffective when counsel's performance falls below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.

*"Proposition of Law No. XV*[:] Errors in instructing the jury during the guilt-innocence and penalty phases of a capital case mandate a new trial on both phases.

*"Proposition of Law No. XVI[:]* When a capital defendant decides to preclude the introduction of mitigation, it is the trial court's obligation to conduct a competency hearing to determine the defendant's competence to make this decision.

*"Proposition of Law No. XVII[:]* To allow a capital defendant to preclude the introduction of mitigation at the sentencing hearing prevents the sentencer from making an appropriate determination of the death sentence as required by the Eighth and Fourteenth Amendments of the United States Constitution, Section 9, Article I of the Ohio Constitution and R.C. 2929.05, and results in state-assisted suicide.

*"Proposition of Law No. XVIII[:]* An identification of a defendant that is the product of an unnecessarily suggestive show up should be suppressed.

*"Proposition of Law No. XIX[:]* A defendant in a capital case has a right to a full and complete record of all proceedings, including sidebar conferences and jury questions.

*"Proposition of Law No. XX[:]* An arraignment is the critical stage in criminal proceedings at which the right to counsel attaches, therefore it is error to conduct an arraignment without counsel and in violation of Ohio Crim.R. 10.

*"Proposition of Law No. XXI[:]* A capital defendant is denied his right to a fair trial by an impartial jury when the trial court fails to excuse for cause jurors that are biased against the defendant.

*"Proposition of Law No. XXII[:]* A capital appellant is denied due process, equal protection, and effective assistance of counsel when arbitrary and disproportionate page limitations are imposed in the filing of appellant's merit brief.

*"Proposition of Law No. XXIII[:]* Instructing a capital jury that their verdict is only a recommendation diminishes the jury's responsibility for its decision and misleads the jury concerning its key role in sentencing.

*"Proposition of Law No. XXIV[:]* Crim.R. 12(E) requires a trial court to state its essential findings on the record when factual issues are involved in determining a motion.

*"Proposition of Law No. XXV[:]* The Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee the accused the right to offer evidence in his defense at trial.

*"Proposition of Law No. XXVI[:]* The use of testimony and evidence which elicit sympathy for the victim by the state violated the Eighth and Fourteenth Amendments to the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution.

192

*"Proposition of Law No. XXVII*[:] A trial court has an obligation to rule on motions proffered prior to and during trial.

*"Proposition of Law No. XXVIII*[:] A trial court abuses its discretion when it grants a state's motion to quash a defense subpoena duces tecum when the records required would have aided the defendant in the presentation of his defense.

*"Proposition of Law No. XXIX*[:] The Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 9, 10 and 16, Article I of the Ohio Constitution establish the requirements for a valid death penalty scheme. Ohio Revised Code Sections 2903.01, 2929.02, 2929.021, 2929.022, 2929.023, 2929.03, 2929.04 and 2929.05, Ohio's statutory provisions governing the imposition of the death penalty, do not meet the prescribed requirements, and, thus, are unconstitutional both on their face and as applied to appellant Bonnell."