[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 223.]

THE STATE OF OHIO, APPELLEE, *v*. BONNELL, APPELLANT.

[Cite as *State v. Bonnell*, 1994-Ohio-71.]

*Appellate procedure—App.R. 26—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when appellant fails to set forth a colorable claim of ineffective assistance of appellate counsel.*

(No. 94-1343—Submitted October 24, 1994—Decided December 20, 1994.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 55927.

_____

{¶ 1} Appellant, Melvin Bonnell, was convicted of two counts of aggravated murder and sentenced to death in 1988. The court of appeals affirmed. *State v. Bonnell* (Oct. 5, 1989), Cuyahoga App. No 55927, unreported. We subsequently affirmed the convictions and sentence. *State v. Bonnell* (1991), 61 Ohio St. 3d. 179, 573 N.E. 2d 1082.

{¶ 2} On November 27, 1992, appellant filed an application to reopen the case pursuant to *State v. Murnahan* (1992), 63 Ohio St. 3d 60, 584 N.E. 2d 1204, alleging fifty-five instances where his appellate counsel was ineffective because "[n]one of the above errors were fully and completely raised by previous appellate counsel and all of the errors have substantial actual or arguable merit." The court of appeals meticulously investigated the fifty-five instances of alleged ineffective assistance of appellate counsel and concluded that in fifty-one instances the issue had been previously raised by counsel on direct appeal, either in the court of appeals or in this court. The court of appeals held that these fifty-one issues were *res judicata*, citing *State v. Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104, and that the remaining four alleged instances of ineffective assistance

of counsel[1] were meritless. Accordingly, it denied the application for reconsideration , stating that appellant had failed to set forth a colorable claim of ineffective assistance of counsel. Appellant now appeals that decision to this court.

———————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Gloria Eyerly*, Ohio Public Defender, *Laurence E. Komp* and *Randall L. Porter*, Assistant Ohio Public Defenders, for appellant.

———————————

*Per Curiam.*

{¶ 3} We affirm the judgment of the court of appeals for the reasons set forth in the opinion of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

———————————

1. The four issues are: (1) that Ohio's capital punishment statutes violate international law, including the American States Treaty and the Declaration of the Rights and Duties of Man; (2) that the trial court's use of a general venire violated appellant's right to due process of law and other constitutional rights; (3) that gruesome photographs were admitted in violation of due process of law and other of appellant's constituitonal rights; and (4) that appellant was denied the assistance of experts in the mitigation phase of his trial, in violation of his due process and other constitutional rights.