DECISION.
Petitioner-appellant Walter Raglin appeals from the trial court's denial of his R.C. 2953.21 petition to vacate or set aside the judgment convicting him of aggravated murder, aggravated robbery, and two gun specifications, and sentencing him to death.
 FACTS AND PROCEEDINGS A jury found Raglin guilty of aggravated murder for the purposeful shooting of Michael Bany while he was also committing aggravated robbery. Following a mitigation hearing, the jury recommended a sentence of death, which the trial court imposed. The Ohio Supreme Court upheld Raglin's conviction on direct appeal.[1] The United States Supreme Court denied his petition for a writ of certiorari.[2]
On February 2, 1998, Raglin filed a petition to vacate or set aside his convictions in the court of common pleas, asserting twenty-two grounds for relief. Seventeen of the twenty-two grounds for relief involved assertions by Raglin that his trial counsel was ineffective. The remaining grounds for relief challenged (1) specific jury instructions; (2) the prosecutor's conduct; (3) the weight of the evidence in support of his convictions; (4) the denial of his Crim.R. 29(A) motion for acquittal; and (5) the page limitation imposed on postconviction petitions by Crim.R. 35. Raglin sought an evidentiary hearing on these claims. Also on February 2, 1998, Raglin filed a motion requesting funds for expert assistance.
By entry of April 17, 1998, the trial court denied Raglin's request for an evidentiary hearing and dismissed his petition, concluding that the majority of his claims were barred by resjudicata or otherwise lacked merit. The trial court also denied his motion requesting funds for expert assistance. This appeal followed.
 II. FIRST ASSIGNMENT
In his appeal, Raglin brings two assignments of error. In the first assignment, he asserts that the trial court erred in granting the state's motion to dismiss his post-conviction petition. We disagree.
To prevail on a postconviction claim, the petitioner must demonstrate that a violation of constitutional dimension occurred at the time he was tried and convicted.[3] A petitioner is not automatically entitled to a hearing on a postconviction claim. He must first demonstrate, through the petition, supporting affidavits, and the record, that substantive grounds for relief exist.[4] Substantive grounds for relief exist when the petition presents a claim that, on its face, raises a constitutional issue and that depends, for its resolution, upon factual allegations that cannot be determined by an examination of the record alone.[5]
The filing of supporting affidavits and documents does not always mandate a hearing on a postconviction claim. If a petitioner's claim relies on evidence dehors the record, to warrant a hearing, such evidence must meet a threshold of cogency. We have described cogent evidence as evidence that is more than "marginally significant" and that advances a claim "beyond mere hypothesis and a desire for further discovery."[6]
A postconviction petition may also be dismissed without a hearing where the claims raised are barred by res judicata.[7]
The doctrine of res judicata precludes a hearing where the claims raised in the petition were raised or could have been raised at trial or on direct appeal.[8] Res judicata bars a hearing on the petition even where a claim relies on evidence dehors the record, unless that evidence shows that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. The evidence dehors the record must be more than that evidence which was in existence at the time of trial and which should and could have been submitted at trial if the defendant wished to make use of it.[9]
 A. Ineffective Assistance of Counsel We begin by reviewing the trial court's dismissal of Raglin's seventeen claims for relief alleging ineffective assistance of counsel.
To secure a hearing in a postconviction proceeding on a claim of ineffective assistance of counsel, the petitioner must proffer evidence to establish that there was a substantial violation of an essential duty to him, and that the defense was prejudiced by the deficient performance.[10] To establish prejudice, the petitioner must show that he was denied some substantive or procedural right that made the trial unreliable or the proceeding fundamentally unfair.[11] Broad assertions without a further demonstration of prejudice do not warrant a hearing for a postconviction petition. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to require an evidentiary hearing.[12]
Generally, the introduction of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of resjudicata.[13] An ineffective-assistance-of-counsel claim, however, may be dismissed as res judicata where the petitioner was represented by new counsel on direct appeal, that counsel failed to raise the issue of trial counsel's incompetence, and the issue could fairly have been determined without evidence dehors the record.[14]
Raglin alleged, in his second claim for relief, that his counsel was ineffective during the guilt phase of his trial because he failed to zealously pursue a motion for a new trial. In support of this claim, Raglin offered the affidavit of Randall Porter, an attorney experienced in death-penalty prosecutions. This claim was res judicata, as it was not raised by Raglin's appellate counsel in his direct appeal and could have fairly been determined without evidence dehors the record. Accordingly, the trial court correctly dismissed it.
In his third claim for relief, Raglin maintained that his trial counsel was ineffective because he failed to move for a change of venue after voir dire questioning revealed a number of jurors who had knowledge of the case due to media coverage. In support of this claim, Raglin again offered the affidavit of Porter, as well as the juror questionnaires.
The record reflects that, prior to voir dire, trial counsel did move for a change of venue. Further, the trial court did not rule on this motion until the close of voir dire. In any event, this claim was res judicata, as Raglin's appellate counsel did not raise it in his direct appeal, and it could have fairly been determined without evidence dehors the record. Therefore, the trial court correctly dismissed it.
In his fourth claim for relief, Raglin contended that his trial counsel was ineffective because, during voir dire, he failed to adequately inquire into the jury's openness to mitigation topics such as Raglin's young age and his extreme living conditions. In support of this claim, Raglin again offered the affidavit of Porter. This claim was res judicata; it could fairly have been determined without evidence dehors the record, but was not raised by his appellate counsel on direct appeal. Accordingly, the trial court correctly dismissed it.
Raglin's fifth and sixth claims for relief, which alleged that his trial counsel was ineffective during the mitigation phase of the trial because he failed to present (1) specific psychological information about Raglin; and (2) expert testimony regarding homelessness or "street" culture, were also resjudicata. The claimed errors were evident from the record and should have been brought on direct appeal. Accordingly, Raglin's proffered evidence dehors the record was of no consequence. The trial court, therefore, correctly dismissed these claims.
In his seventh claim for relief, Raglin contended that his trial counsel was ineffective because he failed to adequately prepare him for the presentation of his unsworn statement. Although Raglin attached his own affidavit in support of this claim, that affidavit did not contain sufficient evidence dehors
the record to overcome the presumption of counsel's effective representation of Raglin.[15] Therefore, the trial court correctly dismissed the claim.
Raglin maintained, in his eighth claim for relief, that his trial counsel was ineffective because, without his consent, he made statements during voir dire and opening argument that, in effect, conceded his guilt. Raglin points this court to the case of Wiley v. Sowders,[16] wherein the Sixth Circuit Court of Appeals determined that when a defense counsel plans to utilize a strategy that completely concedes his client's guilt, he must first obtain the client's consent prior to employing the strategy. The Wiley court also held that the client's consent must appear in the trial record. Based on this precedent, Raglin contends that his trial counsel was ineffective. He also contends that his evidence dehors the record, which included his own affidavit in which he averred that his trial counsel never obtained his consent, precluded the application of res judicata. We disagree.
We first note that Wiley is only applicable where defense counsel's statements amount to total and complete concessions of the defendant's guilt, and not just concessions as to one or some of the elements of the offense charged.[17] Although they are perhaps inartful, we do not read the comments cited by Raglin as the complete concessions of guilt contemplated by Wiley. However, even if we assume that these comments did amount to complete concessions of guilt so that Wiley might apply, Raglin's claim still lacks merit. As we noted, Wiley specifically requires that a defense counsel employing the strategy of completely conceding his client's guilt must make a part of the trial record his client's consent to this strategy. No such consent by Raglin is apparent in the trial record. Accordingly, the alleged violation of the rule from Wiley was evident in the record and should have been raised on direct appeal. Accordingly, the trial court's dismissal of the claim on the basis of res judicata was not in error.
In his ninth claim for relief, Raglin contended that his trial counsel was ineffective because certain comments made by him during the guilt and mitigation phases of the trial were in conflict. Because this claim was based entirely on matters in the record, Raglin's proffered evidence dehors the record was of no consequence and the claim was res judicata. Therefore, the trial court correctly dismissed it.
Raglin contended, in this tenth claim for relief, that his trial counsel was ineffective because he failed to challenge a specific juror for cause or to use a peremptory challenge. Because this claim challenged conduct that was evident in the record, it should have been brought on direct appeal. Raglin's attempt to support the claim with evidence dehors the record, such as Porter's affidavit and newspaper articles, did not change this fact. Accordingly, the trial court correctly dismissed the claim under the doctrine of res judicata.
Raglin's eleventh claim for relief contained an allegation that his trial counsel was ineffective because he failed to file a motion to suppress his statements on the basis that his arrest was unconstitutional. In support of the claim, he offered Porter's affidavit. This claim, however, challenged counsel's trial conduct and should have been brought on direct appeal. Therefore, the trial court correctly dismissed it on the basis of resjudicata.
Raglin's twelfth claim for relief, which alleged that his trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of involuntary manslaughter until after the defense rested, was res judicata.
The claimed error was evident from the record and, thus, should have been raised on direct appeal. Raglin's inclusion of Porter's affidavit as evidence dehors the record was of no assistance under these circumstances. Therefore, the trial court correctly dismissed the claim.
In his thirteenth and twenty-second claims for relief, Raglin asserted that his trial counsel was ineffective because he failed to retain a toxicologist to testify with respect to the effect that substance abuse had on his behavior. In support of the claim, Raglin offered his own affidavits, the affidavit of Hugh A. Turner, a psychologist, and the affidavit of Porter. This claimed error, however, could have been determined from the record and should have been raised on direct appeal. Under these circumstances, it was res judicata and was properly dismissed.
Raglin's fourteenth claim for relief, which asserted that his trial counsel was ineffective for failing to have him testify at a suppression hearing, was res judicata. The claimed error was evident from the record and, thus, should have been raised on direct appeal. Raglin's inclusion of his affidavit and that of Porter were of no consequence given this. The trial court, therefore, correctly dismissed the claim.
In his fifteenth claim for relief, Raglin maintained that his trial counsel was ineffective because he failed to introduce evidence to demonstrate that the victim was intoxicated at the time of the offense. In support, he offered Porter's affidavit. This issue, however, was evident from the record. Accordingly, the trial court correctly dismissed it as res judicata.
Raglin contended, in his sixteenth claim for relief, that his trial counsel was ineffective because he failed to obtain a firearms expert to testify with respect to whether his gun had a hair trigger and whether it was possible to shoot someone without purpose even with a gun that did not have a hair trigger. This claim, which challenged his counsel's trial strategy, should have been brought on direct appeal. It was res judicata. Raglin's inclusion of Porter's affidavit did not obviate this fact. Therefore, the trial court correctly dismissed it.
In his nineteenth claim for relief, Raglin contended that the cumulative effect of his counsel's ineffective representation rendered his trial unconstitutional. Insofar as we have rejected each of Raglin's claims of ineffective assistance of counsel, we also reject this claim.
 B. REMAINING CLAIMS Having disposed of Raglin's claims relating to ineffective assistance of counsel, we now turn to his remaining claims.
In his first claim for relief, Raglin asserted that the page limitation imposed upon postconviction petitions by Crim.R. 35 was unconstitutional. The trial court correctly dismissed this claim, noting that the Ohio Supreme Court has previously held that page limitations in capital cases are proper.[18]
In his seventeenth claim for relief, Raglin maintained that specific jury instructions given by the trial court were erroneous and prejudicial. This claim was based entirely on matters in the record and should have been raised on direct appeal. Under these circumstances, Raglin's proffered evidence dehors the record was of no consequence, and the trial court's dismissal of the claim on the basis of res judicata was proper.
Raglin's eighteenth claim for relief alleged prosecutorial misconduct. We note that the Ohio Supreme Court's decision in Raglin's direct appeal reflects that Raglin raised issues of prosecutorial misconduct before it. Raglin cannot now relitigate those issues that were rejected by the supreme court. And, to the extent that Raglin's instant claim for relief focused on different conduct by the prosecutor, this claim too should have been brought on direct appeal. Accordingly, the claim was res judicata and the trial court properly dismissed it.
Raglin asserted in his twentieth claim for relief that his conviction was against the weight of the evidence. This assertion was already considered and rejected by the Ohio Supreme Court in his direct appeal. Accordingly, it was res judicata. The trial court's dismissal of it was proper.
Finally, in his twenty-first claim for relief, Raglin maintained that the trial court erred in overruling his Crim.R. 29(A) motion for acquittal. Because this claim was based entirely on matters in the record, it should have been raised on direct appeal. Given this, the trial court properly dismissed the claim on the basis of res judicata.
Because we conclude that the trial court properly rejected each of Raglin's twenty-two claims for relief, we overrule the first assignment of error.
 III. SECOND ASSIGNMENT In his second assignment of error, Raglin contends that the trial court erred in denying his motion requesting funds for expert assistance in the areas of "street culture," firearms, and toxicology. Because a petitioner in a postconviction proceeding is not entitled to funds for the appointment of experts, we overrule this assignment of error.[19]
 IV. CONCLUSION
For the reasons stated in this decision, we affirm the judgment of the trial court.
Judgment affirmed.
 Doan, P.J. Gorman and Sundermann, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] State v. Raglin (1998), 83 Ohio St.3d 253, 699 N.E.2d 482.
[2] Raglin v. Ohio (1999), ___U.S.___, 119 S. Ct. 1118.
[3] State v. Hill (June 19, 1998), Hamilton App. No. C-970650, unreported.
[4] Id.
[5] Id.
[6] Id.
[7] State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
[8] Id. at paragraph nine of the syllabus.
[9] State v. Mills (Mar. 15, 1995), Hamilton App. No. C-930817, unreported; State v. Hill, supra.
[10] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373, 380, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
[11] State v. Combs (1994), 100 Ohio App.3d 90, 101,652 N.E.2d 205, 211-212, quoting Lockhart v. Fretwell (1993), 506 U.S. 364,370, 113 S.Ct. 838, 844.
[12] State v. Jackson (1980), 64 Ohio St.2d 107, 111,413 N.E.2d 819, 822.
[13] State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.
[14] State v. Sowell (1991), 73 Ohio App.3d 672,598 N.E.2d 136.
[15] See State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823; State v. Pankey (1981), 68 Ohio St.2d 58, 428 N.E.2d 413.
[16] (1981), 647 F.2d 642.
[17] See State v. Reimsnyder (Dec. 30, 1994), Erie App. No. E-93-71, unreported.
[18] See State v. Bonnell (1991), 61 Ohio St.3d 179,573 N.E.2d 1082; State v. Davis (1991), 62 Ohio St.3d 326, 581 N.E.2d 1362.
[19] State v. Hill (June 19, 1998), Hamilton App. No. C-970650, unreported; State v. Garner (Dec. 19, 1997), Hamilton App. No. C-960995, unreported.