JOURNAL ENTRY and OPINION
{¶ 1} Appellant Rimon Abdelshahid appeals his convictions for two counts of domestic violence and kidnapping and one count of felonious assault. He assigns two errors and one supplemental error for our review as follows:
"I. Whether the appellant's sentence violates Blakely v. Washington,542 U.S. ___, 124 S.Ct. 2531 (June 24, 2004) and is otherwise contrary tolaw."
 "II. Whether trial counsel was ineffective under the Sixth and FourteenthAmendments of the U.S. Constitution during the guilt phase of thetrial."
 Supplemental assigned error:
 "I. The appellant was denied counsel in violation of Bell v. Cone,535 U.S. 685 (2002) and Mickens v. Taylor,, 535 U.S. 162 (2002)."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Abdelshahid in two separate cases. In Case No. 441894, Abdelshahid was indicted for one count of domestic violence, with a prior domestic violence conviction, in violation of R.C. 2919.25, one count of felonious assault in violation of R.C. 2903.11, and one count of kidnapping in violation of R.C. 2905.01. These counts arose out of Abdelshahid's beating of his wife ("the victim") on July 24, 2003.
 {¶ 4} In Case No. 442191, Abdelshahid was indicted for one count of domestic violence, with a prior domestic violence conviction, in violation of R.C. 2919.25, one count of felonious assault in violation of R.C. 2903.11, and two counts of kidnapping in violation of R.C. 2905.01. These counts arose out of Abdelshahid beating the victim on July 4, 2003. The cases were tried jointly before a jury.
 {¶ 5} Abdelshahid and the nineteen-year-old victim were married on October 18, 2002. On July 24, 2003, Abdelshahid and a friend picked up the victim from work. The victim informed Abdelshahid that she had a prenatal appointment that afternoon. However, Abdelshahid refused to take her to the appointment because he had other plans. Although the couple owned two cars, Abdelshahid would not allow his wife to drive. A heated argument ensued between the victim and Abdelshahid. As he drove, Abdelshahid struck the victim across the face and pulled her hair.
 {¶ 6} When they arrived home, the victim exited the car. Abdelshahid threw the car keys at her and ordered her inside. Once inside, Abdelshahid viciously beat the victim, choking her, splitting her lip and rupturing her right eardrum.
 {¶ 7} The victim did not return to work for several days due to her injuries. She temporarily lost the hearing in her injured ear, and it oozed a bloody discharge. Because her lips were so swollen, she was unable to close her mouth. The victim was unable to call relatives or the police for help because Abdelshahid had pulled the telephone cords from the wall. She did not leave the apartment to seek help because Abdelshahid had threatened to kill her after previous beatings if she reported him to the police.
 {¶ 8} When the victim returned to work, her aunt, who worked with her, questioned her regarding her injuries. Upon hearing that Abdelshahid had beaten the victim, the aunt contacted another family member, who took the victim to the hospital.
 {¶ 9} Dr. Paul Sullivan treated the victim. He testified that the victim had bruised eyes, a large bruise on her lip, and bruises behind her right ear, on her jaw line, and on both shoulders. The bruising on her neck was consistent with being choked. She also had a bite mark on her left shoulder and a ruptured eardrum.
 {¶ 10} The victim also testified that prior to the beating on July 24, Abdelshahid beat her on July 4. While in the car, the victim and Abdelshahid had gotten into an argument regarding his infidelity. Abdelshahid smacked the victim in the face, grabbed her hair, and kneed her in the face. Abdelshahid then parked behind an abandoned building, where he retrieved from the trunk of his car a metal pipe wrapped in tape. He ordered the victim out of the car. When she refused, he pulled her out by her legs and beat her with the pipe. The victim suffered bruises to her legs, arms, and face.
 {¶ 11} The victim testified that Abdelshahid was previously convicted of domestic violence against her when they lived in Lakewood. A journal entry of the prior conviction was entered into evidence, indicating Abdelshahid had been convicted of domestic violence on November 8, 2002.
 {¶ 12} The jury found Abdelshahid guilty of all counts in Case No. 441984. In Case No. 442191, the jury found Abdelshahid guilty of domestic violence and one count of kidnapping, but not guilty of felonious assault and the other kidnapping count.
 {¶ 13} The trial court sentenced Abdelshahid in Case No. 441894 to six months on the domestic violence count and concurrent five-year sentences for the felonious assault and kidnapping counts. The trial court sentenced Abdelshahid in Case No. 442191 to six months on the domestic violence count and five years on the kidnapping count, to run concurrently. The sentences in both cases were ordered to run concurrently for a total of five years.
 {¶ 14} In his first assigned error, Abdelshahid argues the trial court's imposition of more than the minimum sentence violates the U.S. Supreme Court's holding in Blakely v. Washington.[1] This court addressed this issue in its en banc decision of State v.Atkins-Boozer.[2] In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of nonminimum sentences, does not implicate the Sixth
Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Abdelshahid's contention that his nonminimum sentence is in violation of Blakely.
 {¶ 15} As a subpart to this assigned error, Abdelshahid argues his sentence results in an undue economic burden to taxpayers because he will be deported to Egypt upon the conclusion of his sentence. Whether a person is to be deported is not a consideration under the sentencing laws; therefore, it should not impact the punishment Abdelshahid receives.
 {¶ 16} Abdelshahid also argues that the trial court's imposition of more than the minimum sentence violates R.C. 2929.11(B) because his sentence is inconsistent with sentences imposed for similar crimes by similar offenders.
 {¶ 17} Abdelshahid failed to illustrate, at the trial court level or in his appeal, that similarly situated offenders were sentenced differently than him. There is nothing in the record that would indicate that the imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses.
 {¶ 18} In State v. Woods,[3] this court stated regarding the issue of consistency in sentencing that "although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal."[4] There is nothing in the record to indicate that the sentence imposed is inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. Accordingly, Abdelshahid's first assigned error is overruled.
 {¶ 19} In his second assigned error, Abdelshahid argues his counsel was ineffective for failing to stipulate to his prior domestic violence conviction and for failing to file a motion in limine to prevent the victim's testimony that she was several months pregnant at the time Abdelshahid beat her.
 {¶ 20} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.[5] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[6] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[7] Judicial scrutiny of a lawyer's performance must be highly deferential.[8]
 {¶ 21} We disagree with Abdelshahid's contention that his counsel was ineffective for failing to stipulate to his prior domestic violence conviction. Abdelshahid's prior conviction elevated his domestic violence offenses from misdemeanors to felonies. Therefore, the prior conviction was an essential element of the offenses and cannot be bifurcated from the other elements of the subsequent offenses.[9]
 {¶ 22} Additionally, Abdelshahid cannot demonstrate a reasonable probability that the outcome of the trial would have been different but for his prior convictions. There was sufficient evidence presented from the victim, her doctor, friends who witnessed the victim's resultant injuries, and the victim's medical records indicating that Abdelshahid viciously beat the victim.
 {¶ 23} Likewise, we do not agree that Abdelshahid was prejudiced by counsel's failure to file a motion in limine to prevent the admission of evidence that the victim was several months pregnant at the time of the beatings. The evidence of his guilt was overwhelming. Therefore, the fact the victim was pregnant at the time was not prejudicial.
 {¶ 24} Moreover, the July 24 beating occurred because Abdelshahid refused to take his wife for her prenatal tests. It was, therefore, relevant to explaining the circumstances of that beating. Therefore, counsel was not ineffective for failing to move to suppress this information. Accordingly, Abdelshahid's second assigned error is overruled.
 {¶ 25} In his supplemental assigned error, Abdelshahid argues that because he was declared indigent, the trial court erred by not appointing counsel to represent him at his arraignment. We disagree.
 {¶ 26} Abdelshahid argues prejudice is presumed when an indigent defendant is not provided counsel for his arraignment and cites to the U.S. Supreme Court opinions of Bell v. Cone[10] and Mickens v.Taylor[11] in support of this argument. These cases stand for the proposition that prejudice is presumed when a defendant is not provided counsel during a "critical stage of the proceeding."
 {¶ 27} The Bell opinion, in dicta, cited the U.S. Supreme Court opinion of Hamilton v. Alabama[12] for the proposition that an arraignment constitutes a "critical phase of the proceedings." However, the Ohio Supreme Court in Dean v. Maxwell[13] found the precedent set forth in Hamilton did not apply to Ohio because in Alabama, unlike Ohio, certain rights and defenses could be forever waived at the arraignment.
 {¶ 28} The Ohio Supreme Court reaffirmed this precedent in State v.Bonnell,[14] where the Court held as follows:
"Hamilton stands for the proposition that prejudice can be presumedfrom the absence of counsel at an arraignment on capital charges.However, the decision in Hamilton was based upon the crucial nature ofarraignment under Alabama law. In Dean v. Maxwell (1963), 174 Ohio St. 193,22 O.O.2d 144, 187 N.E.2d 884, this court explained the differencebetween Alabama law and Ohio law and rejected a contention similar to theone set forth by appellant herein. Based upon our holding in Dean,appellant must demonstrate that he was prejudiced by the absence ofcounsel at the arraignment."[15]
 {¶ 29} Abdelshahid has failed to show he was prejudiced by not having counsel at his two arraignments. He did not make any incriminating statements and simply entered pleas of not guilty. Therefore, because no prejudice resulted from Abdelshahid not having counsel at the arraignments, his Sixth Amendment right to counsel was not violated. Accordingly, Abdelshahid's supplemental assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Corrigan, J., concur.
[1] (2004), 542 U.S. ___, 124 S.Ct. 2531.
[2] Cuyahoga App. No. 84151, 2005-Ohio-2666.
[3] Cuyahoga App. No. 82789, 2004-Ohio-2700.
[4] Id., quoting State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932; State v. Worthen, Cuyahoga App. No. 81928, 2003-Ohio-5932.
[5] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[6] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[7] Id. at paragraph two of syllabus.
[8] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[9] State v. Ireson (1991), 72 Ohio App.3d 235; State v. Arnold
(Jan. 24, 2002), Cuyahoga App. No. 79280.
[10] (2002), 535 U.S. 685.
[11] (2002), 535 U.S. 162.
[12] (1961), 368 U.S. 52.
[13] (1963), 174 Ohio St. 193.
[14] (1991), 61 Ohio St.3d 179.
[15] Id. at 182.