HALL, P.J., concurring.
 

 {¶ 20} I fully agree with the analysis and conclusions of the majority opinion. I write separately to express my belief that, on this record, even if two jurors harbored a preference to believe the testimony of police officers that preference was harmless and insufficient to create reversible error.
 

 {¶ 21} At trial, the defense in this domestic dispute between mother and son challenged mother's credibility. Her story that her son abducted her, threatened and attacked her, and threatened to make her jump off a roadside bridge was corroborated by photographs of her face, head and arm, photos from their house, and the testimony of a lay witness in the Wal-Mart parking lot from whom she sought refuge. The defense did not offer any witnesses with contrary evidence.
 

 {¶ 22} The credibility of any of the police officers was never in question. Four officers testified. None of them were present at the time of any abduction, assault, or intimidation, and none of their testimony introduced any elements of the various offenses. Officer Ronnie Terry was dispatched in regard to the initial incident at the victim's home on a "[d]omestic dispute between mother and son." (T. 88). He testified mother was visibly shaken, but he observed no visible injury, a fact the defense inquired about and highlighted. He took her statement and photographs. Officer Josh Clark also had responded to the home. He too saw no visible injury to mother although he agreed she was "nervous, scared, and hesitant at first." (T. 102). He saw no damage to the house.
 

 Again the defense did not question Clark's credibility but rather inquired about the lack of injury or damage and relied upon the accuracy of his testimony.
 

 {¶ 23} Several hours later, Officer Paul Herald was dispatched to the Wal-Mart parking lot on a report of a woman assaulted. He said she had a "large lump above her left eye, swelling, [and] bruising." (T. 115). He took multiple pictures of her face, forehead, and eyelid, which were shown and described to the jury and were introduced into evidence. He also testified about the subsequent pictures, taken at mother's home, which demonstrated damage to her bedroom door and which also were introduced into evidence. Through Herald, the defense introduced several additional pictures from inside the house, suggesting the presence of drug activity. The only criticism of his investigation was his failure to search for or to locate the bridge where son demanded she jump to see if there was any evidence at that location. The credibility of Herald was not at issue.
 

 {¶ 24} The last police witness, Detective James Byron, testified about the chain of custody of the Wal-Mart surveillance video, which he retrieved from the store. He was not questioned by the defense.
 

 {¶ 25} Finally, in closing argument, the defense made no reference to any issue about the credibility of any police officers. Indeed, most of the evidence that the defense used to denigrate the credibility of the victim was the evidence supplied by the police officers.
 

 {¶ 26} In my opinion, the record demonstrates there was never a question about the credibility of the police officers, who were not present and did not directly testify about the assault, kidnapping, or intimidation. They did not testify to any element of the offenses for which the defendant was convicted. Accordingly, the contention that a juror might give a police officer more credibility than a lay person is of no consequence here and does not raise prejudicial error.
 
 Compare
 

 State v. Pernell
 
 , 6th Dist. Lucas No. L-11-1036,
 
 2011-Ohio-6918
 
 ,
 
 2011 WL 7029733
 
 , ¶ 18 ("Even had the other prospective jurors heard the marshall's remark and were persuaded that law enforcement officers were more likely to be truthful, this could not have affected the outcome of this trial. The key witnesses here were not police, but three witnesses who testified that appellant shot Ryland Garrett. Consequently any harm the marshall's statement may have engendered was harmless.");
 
 State v. Bonnell
 
 , 8th Dist. Cuyahoga No. 55927,
 
 1989 WL 117828
 
 , *11 (Oct. 5, 1989) ("Stating one's opinion that police officers are inherently more believable than other witnesses is quite different from showing an enmity or bias toward the state. This is especially so where, as here, defendant has acknowledged that it was the credibility of two non-law enforcement witnesses that was crucial to the state's case."),
 
 aff'd
 
 ,
 
 61 Ohio St.3d 179
 
 ,
 
 573 N.E.2d 1082
 
 (1991).