JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ann Duncan, was charged with aggravated murder and aggravated robbery. After a jury trial, she was found guilty of the lesser charge of murder and sentenced to 15 years to life in prison. She now appeals her conviction and sentence. After a review of the record and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} On February 28, 2003, appellant and a female companion, Lynn Smith, went to the home of the victim, Marcus Cox. The group drank beer and smoked crack cocaine over the course of several hours. After an extended verbal altercation between the parties, Cox began lifting weights on a bench located in the room. Appellant held the weight bar down on the victim's neck while Smith fatally cut his throat with a box cutter. Appellant also repeatedly stabbed the victim about the face and chest. The women removed some of Cox's belongings from the house and took his car, which they later sold. Eventually, the women were apprehended in Baytown, Texas and were returned to Ohio to stand trial for the murder. Appellant now presents five assignments of error for our review.
 {¶ 3} "I. The appellant's arraignment was a critical stage of the proceedings and the failure to provide counsel before a plea was entered violated the Sixth and Fourteenth Amendments of the U.S. Constitution andHamilton v. Alabama (1961) 368 U.S. 52, Holloway v. Arkansas (1978)435 U.S. 475 and was structural error."
 {¶ 4} Appellant first argues that the trial court erred by failing to provide her counsel at the inception of her arraignment. At her arraignment, appellant pleaded not guilty and the trial court appointed two attorneys to represent her in the subsequent proceedings. Appellant must demonstrate that she was prejudiced by the absence of counsel at the arraignment for this court to find that her rights have been violated.State v. Bonnell (1991), 61 Ohio St.3d 179, 182, 573 N.E.2d 1082, citingDean v. Maxwell (1963), 174 Ohio St. 193, 187 N.E.2d 884.
 {¶ 5} While, in general, the absence of counsel during a critical stage of the proceedings can be per se reversible error, the Ohio Supreme Court specifically distinguished Hamilton v. Alabama (1961), 368 U.S. 52,82 S.Ct. 157, 7 L.Ed.2d 114, and Holloway v. Arkansas (1978), 435 U.S. 475,98 S.Ct. 1173, 55 L.Ed.2d 426, in Bonnell, rejecting a contention similar to the one set forth by appellant. Therefore, we find no merit in appellant's first assignment of error, and it is hereby overruled.
 {¶ 6} "II. The appellant's oral and written statements were obtained in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution, the Ohio Constitution and DR 7-104 and should have been suppressed."
 {¶ 7} In her second assignment of error, appellant does not allege that her assigned trial counsel's performance was deficient or ineffective, but instead argues that the trial court should have, sua sponte, suppressed her written statement taken upon her arrest in Texas. Any issue which could or should have been called to the trial court's attention at the time when such error could have been avoided or corrected by the trial court is waived on appeal. State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277. Further, the failure to file a motion to suppress within the time specified by Crim.R. 12(C) constituted a waiver of any objection to the admissibility of that evidence. State v.Wade (1978), 53 Ohio St.2d 182, 373 N.E. 2d 1244, death penalty vacated on other grounds; Wade v. Ohio (1978), 438 U.S. 911, 98 S.Ct. 3138,57 L.Ed.2d 1157; see, also, State v. F.O.E. Aeire 2295 (1978),38 Ohio St.3d 53, 526 N.E.2d 66. Therefore, appellant's second assignment of error lacks merit and is overruled.
 {¶ 8} "III. The appellant's right to confrontation as guaranteed byCrawford v. Washington, 541 U.S. ___ (2004) was violated and a new trial is in order. (sic)"
 {¶ 9} Here, appellant contends the trial court erred in admitting evidence concerning her failure to follow up with the Cleveland police after she had filed complaints alleging that she had been raped by Marcus Cox on three prior occasions. In support of her argument, appellant cites to the United State Supreme Court ruling in Crawford v. Washington
(2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. In Crawford, the Court held that testimonial statements of a witness absent from trial are admitted only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine. Id. Thus, appellant argues, evidence presented by Detective James Metzler should have been excluded pursuant to Crawford. However, Crawford does not apply here; therefore, appellant's contention fails.
 {¶ 10} There is a recognized difference between "testimonial" and "nontestimonial" evidence. In its decision in Crawford, the Court held that:
 {¶ 11} "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law — as does Roberts, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether * * *. We leave for another day any effort to spell out a comprehensive definition of `testimonial.' Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 68.
 {¶ 12} The trial court in the case at bar heard objections from the defense on both the testimony of Detective James Metzler and the police reports upon which he based his testimony. The trial court did not admit the police reports themselves, but the detective's testimony was allowed. "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Jacks (1989), 63 Ohio App.3d 200, 207, 578 N.E.2d 512. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v. Jenkins
(1984), 15 Ohio St.3d 164, 15 OBR 311, 473 N.E.2d 264. Finnerty, supra, at 107-108.
 {¶ 13} In reviewing the record, we cannot say that the trial court abused its discretion in admitting this evidence. The detective testified as to his own first-hand knowledge, and the defense had an opportunity to confront him directly. As for the reports upon which the detective's testimony was based, they do not amount to "testimonial evidence" that would cause any reversible error pursuant to Crawford. Therefore, the trial court did not violate appellant's constitutional right of confrontation, and her third assignment of error fails.
 {¶ 14} "IV. The trial court improperly and to the prejudice of the appellant instructed the jury that Voluntary Manslaughter was an `affirmative defense' to the charges of Aggravated Murder and Murder. This instruction was plain error and counsel was ineffective for failing to object to such an incorrect and misleading instruction."
 {¶ 15} We review this assignment for plain error because defense counsel failed to object to any jury instructions. To constitute plain error, the error must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043; State v. Nolling,98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips
(1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643.
 {¶ 16} A defective jury instruction does not rise to the level of plain error unless it can be shown that the outcome of the trial would clearly have been different but for the alleged error. State v. Campbell
(1994), 69 Ohio St.3d 38, 630 N.E.2d 339; Cleveland v. Buckley (1990),67 Ohio App.3d 799, 588 N.E.2d 912. Moreover, a single challenged jury instruction may not be reviewed piecemeal or in isolation, but must be reviewed within the context of the entire charge. See, State v. Hardy
(1971), 28 Ohio St.2d 89, 276 N.E.2d 247; State v. Fields (1984),13 Ohio App.3d 433, 469 N.E.2d 939.
 {¶ 17} In the case at bar, the defective jury instruction asserted by appellant was that the trial court instructed the jury that voluntary manslaughter was an "affirmative defense" rather than "an inferior degree of murder." While the labeling of voluntary manslaughter may not have been technically correct, it patently cannot be shown that the outcome of the trial would clearly have been different "but for" the alleged error. Therefore, any mislabeling by the trial court as to voluntary manslaughter does not rise to the level of reversible plain error in this case.
 {¶ 18} In reviewing the jury instructions in their totality, it is clear that the trial court properly instructed the jury as to aggravated murder, as charged in counts one and two, as well as the lesser included offense of murder for each of those counts. The issue arose when the trial court stated that the appellant was asserting an "affirmative defense known as voluntary manslaughter." (Tr. 1368.) The trial court went on to instruct the jury that appellant was the party with the burden of going forward with the evidence of voluntary manslaughter and that she also had the burden of proving the "affirmative defense" by a preponderance of the evidence. Finally, the court instructed the jury as to the definitions involved in voluntary manslaughter, such as "preponderance of the evidence" and "sudden passion or sudden fits of rage," all of which were properly defined. Thus, the underlying issue in this assignment of error is whether this instruction was so prejudicial and misleading that the jury's decision would clearly have been different but for the errant instruction. Reviewing precedence and the facts of this case, this court finds that it was not so prejudicial and misleading.
 {¶ 19} In State v. Rhodes (1992), 63 Ohio St.3d 613, the Ohio Supreme court held, in pertinent part:
 {¶ 20} "[T]he court of appeals directly, and this court by implication, in the respective Muscatello opinions, viewed the law relating to affirmative defenses as applicable to the mitigation of a charge of murder to voluntary manslaughter * * *
 {¶ 21} "* * *
 {¶ 22} "In 1978, the General Assembly amended former R.C. 2901.05(A) and changed the burden imposed upon a defendant asserting an affirmative defense (137 Ohio Laws, Part II, 3895, 3896).
 {¶ 23} "Currently, a defendant bears the burden of production, as before, as well as the burden by a preponderance of the evidence to prove an affirmative defense. R.C. 2901.05(A). In view of that statutory change, our decision now whether the implicit rationale underlyingMuscatello should stand will determine whether a court may require a defendant to prove either of the mitigating circumstances by a preponderance of the evidence.
 {¶ 24} "We see no reason to alter the course set forth in Muscatello,
and we thus continue to view the law regarding affirmative defenses to be applicable to the proof of mitigation to reduce a charge of murder to manslaughter * * *
 {¶ 25} "Thus we hold that a defendant on trial for murder or aggravated murder bears the burden of persuading the fact finder, by a preponderance of the evidence, that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation occasioned by the victim that was reasonably sufficient to incite the defendant into using deadly force, R.C.2903.03(A), in order for the defendant to be convicted of voluntary manslaughter rather than murder or aggravated murder." Id., at pp. 619-620.
 {¶ 26} In the case at bar, after extensive deliberations, the jury found appellant guilty of one count of the lesser included offense of murder. In reviewing the evidence, it is apparent that the jury followed the trial court's instructions as to the following analysis:
 {¶ 27} "If you are all unable to agree on a verdict of either guilty or not guilty of aggravated murder in count 1 or 2, then you will continue your deliberation to decide whether the state proved by all the essential elements of the lesser included offense of murder. (sic)
 {¶ 28} "If you find the state proved beyond a reasonable doubt all of the essential elements of murder, which is a lesser included offense, you must continue your deliberation once again to decide whether the defense proved by a preponderance of the evidence that the defendant acted while under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by serious provocation by Marcus Cox that was reasonably sufficient to incite the defendant into using deadly force." (Tr. 1376-1377.)
 {¶ 29} According to the precedent set forth by the Ohio Supreme Court in Rhodes, the above instruction is absolutely correct in its placements of the involved burdens of production and persuasion. As such, it is clear that the jury in this case went through the proper analysis in convicting appellant of the crime of murder and rejecting her assertion of the crime of voluntary manslaughter. This court, therefore, cannot find that the mislabeling of voluntary manslaughter as an "affirmative defense" rather than "an inferior degree of murder" could have made any difference in the jury's verdict whatsoever.
 {¶ 30} Thus, in reviewing the totality of the charge to the jury in the case at bar, we do not find that the instructions have risen to the level of reversible plain error. With its charge in this case, the trial court instructed the jury on the elements and burdens of proof and persuasion as to aggravated murder, voluntary manslaughter, and the lesser included offense of murder. After deliberation, the jury unanimously found the appellant to have committed the crime of murder beyond a reasonable doubt. There is no evidence that this determination would have differed if the trial court were to have instructed on voluntary manslaughter as "an inferior degree of murder" rather than an "affirmative defense." Therefore, appellant's fourth assignment of error fails.
 {¶ 31} "V. The cumulative effect of the errors in this trial denied the appellant due process under the Fourteenth Amendment."
 {¶ 32} Finally, appellant argues that the cumulative effect of the above-assigned errors warrant a new trial. Errors that are separately harmless may, when considered together, violate a person's right to a fair trial. State v. Madrigal, 87 Ohio St.3d 378, 397, 2000-Ohio-448,721 N.E.2d 52, citing Walker v. Engle (C.A. 6, 1983), 703 F.2d 959, 963;Martin v. Parker (C.A. 6, 1993), 11 F.3d 613, 615; State v. DeMarco
(1987), 31 Ohio St.3d 191, 509 N.E.2d 1256, paragraph two of the syllabus. Because we have determined that none of the appellant's assignments of error have merit, we cannot determine that there was prejudicial cumulative effect in this case. Moreover, the appellant fails to demonstrate how the outcome of the trial would have been different but for the alleged errors. Therefore, appellant's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., Concurs in judgment ONLY (WITH SEPARATE CONCURRINGOPINION). McMONAGLE, J., DISSENTS (WITH SEPARATE DISSENTING OPINION).
 CONCURRING OPINION