[Cite as *State v. McGillvary*, 2012-Ohio-5538.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-7 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-3776 |
| v. | : | |
| | : | (Criminal Appeal from |
| CLYDE E. McGILLVARY | : | Miami County Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

STACY M. WALL, Atty. Reg. #0070114, City of Piqua Law Director, 201 West Water Street, Piqua, Ohio 45356
    Attorney for Plaintiff-Appellee

CLYDE E. McGILLVARY, 1405 Washington Avenue, Piqua, Ohio 45356
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Clyde E. McGillvary appeals from his conviction for

Disorderly Conduct and the imposition of a $150 fine, along with court costs.  McGillvary

generally contends that the trial court erred in allowing statements into evidence that were obtained in violation of his *Miranda* rights, that he was denied his right to a speedy trial and a trial by jury, that the State's witnesses lied during their testimony at trial, and that his trial counsel provided ineffective assistance.

{¶ 2}    We conclude that McGillvary has failed to demonstrate any prejudicial error by the trial court or by his trial counsel.  Accordingly, the judgment of the trial court is Affirmed.

## I. McGillvary Threatens a City Employee

{¶ 3}    In October 2011, a registered sanitarian for the City of Piqua attempted to deliver a legal notice to McGillvary's residence.  When the sanitarian approached, McGillvary was exiting the residence.  When the sanitarian explained why he was there, McGillvary began threatening the sanitarian, continuing until the sanitarian left in his city vehicle.

{¶ 4}    The sanitarian filed a complaint with the Piqua Police Department.  Police Officer Voskuhl went to McGillvary's residence to inquire about McGillvary's confrontation with the sanitarian.  When Officer Voskuhl arrived, McGillvary admitted to being home when the sanitarian arrived, but denied threatening the sanitarian.  During his conversation with Officer Voskuhl, McGillvary made a number of insulting comments about the sanitarian.

{¶ 5}    McGillvary was charged with Menacing, in violation of R.C. 2903.22(A).  Subsequently, the charge was amended to Disorderly Conduct, a minor misdemeanor.  Following a bench trial, McGillvary was found guilty of Disorderly Conduct and was ordered

to pay a $150 fine and court costs.   From this judgment, McGillvary appeals.

## II. McGillvary's Brief Does Not Comply with App.R. 16

## and He Fails to Identify Reversible Error

{¶ 6}    McGillvary's appellate brief does not comply with App.R. 16(A) in several respects.   For example, McGillvary failed to include a statement of facts, statement of the case, statement of the assignments of error, statement of the issues presented for review, or citations to the record on which he relies. App.R. 16(A)(3)-(6).

{¶ 7}    McGillvary essentially complains that he was never read his rights by the police officer who questioned him, that he was denied his right to a speedy trial, that he was denied his right to a jury trial, that the witnesses for the State lied during their testimony at trial, and that his trial counsel failed to present certain evidence at his trial.   We will address each of these arguments in turn.

{¶ 8}    McGillvary's contention that he was never read his rights by the police officer who questioned him about the confrontation with the sanitarian appears to be an attempt to assert a violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694  (1966).  This argument is unavailing.  In *State v.Wood*, 2d Dist. Greene No. 2006 CA 1, 2007-Ohio-1027, ¶ 43, we explained:

It is well-established that the police are not required to administer *Miranda* warnings to every individual they question. * * * The United States Supreme Court has held that police officers have a duty to advise a suspect of his rights pursuant to *Miranda   v. Arizona* (1966), 384 U.S. 436, 369-73, 86

S.Ct. 1602, 16 L.Ed.2d 694, when their questioning of the suspect rises to the level of custodial interrogation. * * * A person is "in custody" only if, under the totality of the circumstances, a reasonable person in the same situation would feel that he was not free to leave. (Citations omitted.)

{¶ 9} There is no evidence in the record that McGillvary was in custody at the time of questioning by Officer Voskuhl. Furthermore, McGillvary failed to raise this issue in a motion to suppress. "[T]he failure to file a motion to suppress within the time specified by Crim.R. 12(C) constitute[s] a waiver of any objection  to the admissibility of that evidence." *State v. Duncan*, 8th Dist. Cuyahoga No. 84587, 2005-Ohio-6241, ¶ 7 (Citations omitted.)

{¶ 10} McGillvary also contends that he was denied his right  to a speedy trial pursuant to R.C. 2945.71. Once again, however, McGillvary failed to raise this issue before the trial court. "[A]ppellate courts of this state have consistently held that a defendant cannot raise a speedy trial issue for the first time on appeal but must initially raise such an issue at or prior to commencement of trial in accordance with R.C. 2945.73(B)." *State v. Brown*, 7th Dist. Belmont No. 98 BA 13, 1999 WL 1138549 (Dec. 8, 1999) (Citations omitted.) Furthermore, we note that McGillvary filed a waiver of his right to a speedy trial on December 16, 2011. Dkt. 5.

{¶ 11} McGillvary next contends that he was denied his right to a jury trial. Crim.R. 23(A) provides, in part:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the

date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶ 12} There is no evidence in the record that McGillvary filed a written request for a jury trial. Failure to file a written demand for a jury trial constitutes a waiver of McGillvary's right to such a trial. Furthermore, there is no right to a trial by jury for a minor misdemeanor, where there is no possibility of incarceration. *Lyndhurst v. Di Fiore*, 8th Dist. Cuyahoga No. 93270, 2010-Ohio-1578, ¶ 18. Therefore, the trial court did not err in failing to give McGillvary a jury trial.

{¶ 13} McGillvary further argues that he was convicted based on two witnesses who lied at trial. Clearly, the trial court credited the testimony of the sanitarian and the police officer, which established all of the elements of Disorderly Conduct, over the testimony of McGillvary. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), we observed:

Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who

has seen and heard the witness.

{¶ 14}  This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.   Based on our review of the record, we cannot find that the trial court lost its way.   McGilvary's conviction is not against the manifest weight of the evidence.

{¶ 15}  Finally, McGillvary claims that his trial counsel committed errors by failing to challenge the testimony of the witnesses and by failing to enter into evidence a receipt from a drug store.   We construe McGillvary's contention as a claim of ineffective assistance of trial counsel.   A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   A reviewing court "must indulge in a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Id.* at 689.   The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome."   *Id.* at 694.   *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 16}  McGillvary contends that trial counsel provided ineffective assistance by failing to introduce into evidence a receipt from a drug store and by failing to challenge the testimony of the State's witnesses.   The receipt is not in the record.   Furthermore, McGillvary has not identified what questions he believes his trial counsel should have asked the witnesses at trial and how the failure to ask these questions prejudiced him.   Because the

evidence McGillvary claims his counsel should have presented is not in the record, we cannot find that the alleged ineffectiveness of his trial counsel was sufficiently prejudicial to warrant reversal

{¶ 17} McGillvary's inferred assignments of error are overruled.


### III.   Conclusion

{¶ 18} McGillvary's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Stacy M. Wall
Clyde E. McGillvary
Hon. Mel Kemmer